**Giancarlo MASSETTI, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73597.

Agency No. A77–383–391.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 3, 2005.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Nancy E. Friedman, S. Nicole Nardone, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

Petitioner Giancarlo Massetti petitions the court for review of a Board of Immigration Appeals (BIA) decision overturning the immigration judge (IJ)'s decision to grant asylum and withholding of removal. The IJ held that Massetti had credibly established persecution on account of his political opinion and had shown a well-founded fear of future persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

The BIA's determination must be upheld if supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000), we held that "[w]histleblowing against one's supervisors at work is not, as a matter of law, always an exercise of political opinion. However, where the whistle blows against corrupt government officials, it may constitute political activity sufficient to form the basis of persecution on account of political opinion." Massetti's exposure of widespread corruption within Italy's Guardia di Finanza arose from his anti-corruption political convictions and was directed against governmental corruption as a whole, not merely against a few specific individuals. The U.S. Department of State's Country Report, as well as the 2000 report of the group Transparency International, detail the pervasive influence corruption has had and continues to have in Italy, in particular on its judicial system. The harassment that Massetti encountered after his whistleblowing, including frequent job transfers, the connections between Massetti's superiors and the Milan District Attorney's office, and the repeated false charges by the Milan District Attorney's office establish the requisite nexus between Massetti's political opinions and what happened to him.

The BIA was incorrect to characterize the harm suffered by Massetti as private retaliation or the corruption as aberrational. We hold that the evidence compels the conclusion reached by the IJ, that Massetti showed that his actions were directed toward a governing institution rather than against a few specific individuals. However, the BIA did not reach the issue of whether the retaliation suffered by Massetti rose to the level of persecution within

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the meaning of 8 U.S.C. § 1158(b). We therefore remand to the BIA under *INS v. Orlando Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED. REMANDED.**